IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CLIFFORD JOHNSON,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF THE
TREASURY, and TIMOTHY GEITHNER,
in his official capacity as Secretary of the
United States Department of the Treasury,

    Defendants.

No. C 11-06684 WHA

**ORDER GRANTING
DEFENDANTS' MOTION
TO DISMISS FIRST
AMENDED COMPLAINT
AND VACATING HEARING**

    Clifford Johnson, a resident of Mendocino County, believes that Federal Reserve notes should be phased out in favor of United States notes, and to that end, proposes a pilot program be launched using United States notes to issue Social Security payments. He believes this would save taxpayers money.[*]

    In this lawsuit, he contends that the United States Department of the Treasury has sabotaged his own free speech in support of his proposal by maintaining a website that contradicts the merits of his position. In a David-and-Goliath way, he contends that his own message is being overwhelmed by the more powerful speech of the Treasury and, therefore, his own free speech rights are being suppressed. In this lawsuit, which he has limited to the

---

    \* The caption has been changed to correct defendants' names. Henceforth, both sides shall use the corrected caption.

First Amendment right to petition claims (Opp. Exh. G), he seeks relief in the form of an injunction whereby this Court would regulate what the Treasury can and cannot say on this subject.

This remarkable proposition has no support in the law. Our elected leaders necessarily adopt policy positions. By virtue of their "bully pulpit," they necessarily receive more attention than the rest of us. Nonetheless, it cannot possibly be the law that this circumstance violates anyone's right to say whatever they want about public policy. To rule otherwise would invite thousands of lawsuits by those seeking to regulate through the courts what elected officials and their appointees can and cannot say in support of public policy. This would be an unthinkable result. Mr. Johnson's claim is rejected on the merits.

That said, this order also holds that Mr. Johnson lacks standing to seek such remarkable relief. Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III," which limits the jurisdiction of federal courts. Article III standing has three requirements: (1) an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Judicial self-governance imposes prudential requirements to limit federal jurisdiction, such that the courts do not adjudicate generalized grievances where the political process may provide the more appropriate remedy.

Here, the fact that the Treasury website contradicts Mr. Johnson's position, and that other sources have adopted the Treasury's views, does not constitute an injury in fact. Mr. Johnson also does not establish a causal connection between the Treasury's conduct and his own petitions. Furthermore, any assertion that a favorable judicial decision would redress Mr. Johnson's alleged injuries by improving the effectiveness of his petitions is purely conjectural and insufficient to justify standing. Prudential considerations also demonstrate the lack of standing; Mr. Johnson's interest in petitioning for support of his proposal is a generalized grievance no different from every citizen's interest in proper application of the Constitution.

For the foregoing reasons, defendants' motion to dismiss is **GRANTED**. Mr. Johnson's complaint is **DENIED WITHOUT LEAVE TO AMEND**. The motion hearing set for June 21 is **VACATED**. The next stop for Mr. Johnson is the United States Court of Appeals for the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: June 13, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3