United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CLIFFORD JOHNSON,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF THE
TREASURY and TIMOTHY GEITHNER,
in his official capacity as Secretary of the
United States Department of the Treasury,

    Defendants.
                                       /

No. C 11-06684 WHA

**ORDER DENYING
PLAINTIFF'S MOTION
TO ALTER OR AMEND
THE JUDGMENT AND
VACATING HEARING**

**INTRODUCTION**

Plaintiff seeks to alter or amend the judgment pursuant to FRCP 59(e). For the following reasons, plaintiff's motion is **DENIED**. The hearing schedule for November 15, 2012, is **VACATED**.

**STATEMENT**

Plaintiff's first amended complaint asserted that the United States Department of the Treasury violated plaintiff's First Amendment rights by sabotaging his speech in support of his own proposal that Federal Reserve notes should be phased out in favor of United States notes. The complaint alleged that the Treasury Department did so by maintaining a website that contradicted the merits of plaintiff's position. Plaintiff sought an injunction whereby regulating what the Treasury could and could not say on this subject. Plaintiff's first amended complaint

was dismissed with prejudice. The dismissal order found it failed to state a cognizable claim under the First Amendment and that plaintiff lacked standing to pursue his claim because it was based on a "generalized grievance no different from every citizen's interest in the proper application of the Constitution" (Dkt. No. 43). Upon dismissal of the complaint, judgment was entered in favor of defendants and against plaintiff (Dkt. No. 44). Plaintiff then wrote three separate letters objecting to the entry of judgment in favor of defendants. In the letters, plaintiff requested clarification as to the grounds on which his four purported exceptions to government speech immunity included in the complaint were overruled. Plaintiff also filed an appeal. On appeal, the court of appeals remanded the case and held appellate proceedings in abeyance pursuant to the Federal Rules of Appellate Procedure for the sole purpose of requiring this Court to resolve plaintiff's pending motion to reconsider. The court of appeals deemed plaintiff's first post-judgment letter to be a motion for reconsideration. On remand, a hearing and briefing schedule was set and the motion presented by plaintiff's letters was construed to be a motion pursuant to FRCP 59(e). The parties were allowed to file briefs in support of their positions. Having considered all of the submissions, plaintiff's motion to alter or amend the judgment is hereby **DENIED**.

## ANALYSIS

FRCP 59(e) provides that a party may move to alter or amend or vacate judgment after its entry. Relief under FRCP 59(e), however, is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Relief is appropriate under Rule 59(e) if any of the following conditions are met: (1) the district court is presented with newly-discovered evidence; (2) there is an intervening change in controlling law; or (3) the district court committed clear error or made a decision that was manifestly unjust. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Judgment is not properly reopened "absent highly unusual circumstances." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

Plaintiff has identified no such unusual circumstances. Instead, plaintiff seeks clarification of the dismissal order, alleging that it contained ambiguities. Because plaintiff is

2

not now asserting that there is newly-discovered evidence or an intervening change in controlling law, this order assumes plaintiff is arguing that the order granting defendants' motion to dismiss was clear error. This order disagrees.

In reviewing a district court's decision for clear error, our court of appeals will find clear error only upon "a definite and firm conviction that a mistake has been committed." *United States v. Ruiz–Gaxiola*, 623 F.3d 684, 693 (9th Cir. 2010). If a court "got the law right" and "did not clearly err in its factual determinations," then clear error was not committed — even if another reasonable judicial body "would have arrived at a different result." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

Plaintiff's three letters and instant motion do not specifically contend that a legal or factual error was committed. Rather they object to the closure of the file upon judgment and seek clarification regarding the dismissal order. The first letter contends that further trial court proceedings would not be futile, if only to present the court of appeals with a clarified record. The letter states that the dismissal order failed to address the allegations in the complaint that defendants employ factual misrepresentations that are intended to suppress plaintiff's viewpoint and whether or not these misrepresentations qualify for government speech immunity exceptions as defined by plaintiff (Dkt. No. 45). The third letter and plaintiff's instant motion, narrow plaintiff's request and urge that this Court "clarify its decision with respect to ambiguities" (Reply Br. 5) and set forth grounds explaining "whether four alleged exceptions to government speech immunity were particularly overruled, and/or were overruled on the ground that the immunity is absolute, and/or were not reached and why" (Br. 7; Dkt. No. 55).

Plaintiff has not clearly asserted whether, in fact, a legal or factual error occurred. However, even if plaintiff's argument is construed as an allegation that an error was committed, plaintiff's argument fails. The decision to not address plaintiff's purported four exceptions to government speech immunity and whether or not the alleged misrepresentations qualify for immunity was not clear error. *First*, plaintiff lacks standing to bring his claims against defendants, as the dismissal order found neither an injury in fact nor a causal connection between the defendants' conduct and his petitions. Furthermore, the dismissal order found that plaintiff's

assertion that a favorable judicial decision would redress his injury was purely conjectural. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). *Second*, the complaint was also dismissed on its merits. The issue of government speech immunity was not reached. According to the dismissal order, the complaint alleged a "remarkable proposition" with no support in the law (Dkt. No. 43). Accordingly, whether or not defendants' alleged misrepresentations are subject to plaintiff's purported four exceptions to government speech immunity is irrelevant. Based on the above, the dismissal order properly analyzed plaintiff's complaint and does not contain clear error.

Furthermore, even upon an examination of plaintiff's three letters and instant motion on the merits, without consideration of the clear error standard, this order rejects plaintiff's allegations. Plaintiff contends "categorical and financial misinformations [] impair [plaintiff's] right to petition for new issues of United States currency, in violation of the First Amendment" and that these misinformations give rise to four exceptions to government speech immunity (Br. 2). Plaintiff's alleged misinformations and four purported exceptions to government speech immunity, as defined in the three letters and instant motion, make the same arguments that were previously laid out in the complaint. As discussed above and in the dismissal order, plaintiff not only lacks standing but also fails to state a cognizable claim. Because immunity was not and is not the basis for rejecting the complaint, it was and still is unnecessary to reach plaintiff's allegations of exceptions to government speech immunity. Plaintiff cannot just reassert arguments that have already been rejected in hope of a different result.

## CONCLUSION

For the above-stated reasons, plaintiff's motion to alter or amend the judgment is **DENIED**. The hearing schedule for November 15, 2012, is **VACATED**.

**IT IS SO ORDERED.**

Dated: October 23, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4